IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MELODY F. SCHWENK
6012 Westchester Park Dr Apt 102
College Park, MD 20740

v.                                  :    Civil Action No. LKG25CV1298

Portfolio Recovery Associates, LLC:
120 Corporate Blvd.
Norfolk, VA 23502

**COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, FAIR DEBT COLLECTION PRACTICES ACT, AND RELATED RELIEF**

## I. Jurisdiction and Venue

1. This Court has jurisdiction pursuant to 28 U.S.C. §1331 as this case arises under federal law, including:

   - Americans with Disabilities Act, 42 U.S.C. §12182
   - ADA implementing regulation, 28 C.F.R. §35.160
   - Fair Debt Collection Practices Act, 15 U.S.C. §1692d

2. Venue is proper in this judicial district under 28 U.S.C. §1391(b) because the events giving rise to these claims occurred in the District of Maryland.

## II. Parties

3. Plaintiff Melody F. Schwenk is a resident of Prince George's County, Maryland, and a qualified individual with a disability under the ADA. Plaintiff is Deaf and requires written communication for equal access.

4. Defendant Portfolio Recovery Associates, LLC is a Delaware corporation with its principal place of business in Norfolk, Virginia. Defendant engages in consumer debt collection nationwide, including in Maryland.

## III. Statement of Claim

5. Plaintiff informed Defendant of her need for written communication pursuant to the ADA due to her Deafness.

6. Despite this, Defendant persistently routed sensitive litigation communications through inaccessible channels, including verbal-only options and non-legal customer service.

7. Defendant's legal team inconsistently denied receiving settlement and procedural filings that were confirmed received via Mailsuite tracking and court docket logs.

8. Defendant's attorney responded to ADA-compliant filings while simultaneously claiming not to have received them, contradicting verified access logs.

9. Multiple written settlement offers were submitted, including via certified mail, and ignored or dismissed without substantive review.

10. Defendant further permitted third-party entities such as "ABC Legal" to access filings without disclosure or clarification, violating the Plaintiff's right to transparency.

11. These actions caused procedural prejudice, emotional distress, and impaired Plaintiff's ability to meaningfully participate in the litigation.

12. Defendant's conduct constitutes:

- Discrimination under Title III of the ADA
- Violations of communication accessibility obligations under 28 C.F.R. §35.160
- Harassment and bad-faith evasion under the FDCPA, 15 U.S.C. §1692d

## IV. Relief Requested

13. Plaintiff respectfully requests:

    1. Compensatory damages of $50,000 for emotional distress and lost time.
    2. Punitive damages of $200,000 for repeated and willful violations.
    3. A permanent injunction mandating written, ADA-compliant communication protocols for Deaf consumers.
    4. Full reimbursement for legal costs, postage, filings, and documentation.
    5. Any additional relief the Court deems just and appropriate.

14. Monetary damages alone are insufficient, as Defendant's conduct is ongoing and may affect similarly situated individuals without injunctive intervention.

## V. Certification and Closing

15. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity

for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where caserelated papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date signed: April 14, 2014

Signature of Plaintiff: *Melody Schwenk*

Printed Name of Plaintiff: Melody F. Schwenk